**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:10-CV-5-RLV-DCK**

| | |
|---|---|
| **TRIAD PACKAGING, INC. and LOUIS WETMORE,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| **SUPPLYONE, INC.,** | ) **PROTECTIVE ORDER**<br>) |
| Defendant. | )<br>) |
| v. | )<br>) |
| **DURHAM BOX COMPANY,** | )<br>) |
| Third Party Defendant. | )<br>) |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interest of its client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. No designation of confidentiality shall be treated as such should the referenced information already be part of the public domain or available from a third party source without a confidentiality obligation.

Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel;

   b. Employees of such counsel assigned to assist in the litigation;

   c. Consultants or experts to the extent deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

   e. The Court or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refused to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court. Provided however, regardless of designation, a person identified in Paragraph 4(d) may be shown and questioned regarding information and/or data to which such person has knowledge, which such person has prepared, or which was prepared in reference to such a person.

7. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. The Protective Order does not provide for the automatic sealing of such documents.

8. After entry of a final judgment no longer subject to further appeal, the confidential information and any copies thereof shall be returned to the producing party or certified as destroyed.

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modifications of this Order.

**IT IS SO ORDERED**.

Signed: January 3, 2011

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Triad Packaging, Inc. and Louis Wetmore v. SupplyONE, Inc. v.. Durham Box Company* have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" is confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Date:

Signature:

Printed Name:

Signed in the presence of:

(Attorney)