# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:10-CV-005-RLV-DCK

| | |
|---|---|
| TRIAD PACKAGING, INC. and LOUIS WETMORE,<br><br>**Plaintiffs,**<br><br>v.<br><br>SUPPLYONE, INC.,<br><br>**Defendant,**<br><br>v.<br><br>DURHAM BOX COMPANY,<br><br>**Third Party Defendant.** | <u>**ORDER**</u> |

**THIS MATTER IS BEFORE THE COURT** on Defendant SupplyOne, Inc.'s "Motion To Compel" (Document No. 37) filed February 1, 2011. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

Defendant SupplyOne, Inc.'s ("SupplyOne") pending motion sets forth what appear to be two specific and straightforward requests of Third Party/Respondent Davidson, Holland, & Whitesell & Co., PLLC ("DHW"): (1) that DHW confirm or deny whether it "has produced all non-privileged material responsive to a subpoena [Document No. 37-1] served on DHW by SupplyOne on July 26, 2010; and (2) [p]rovide a previously-promised privilege log for DHW documents generated before January 1, 2010." (Document No. 37, p.1). "Davidson, Holland & Whitesell & Co., PLLC's Response To Defendant's Motion To Compel" (Document No. 46)

filed on February 21, 2011, contends that the motion to compel "fails to comply with local rules and must be stricken" and that "[d]ue to the lack of factual recitation and legal analysis, DHW's ability to respond is prejudiced." (Document No. 46, p.1). On February 22, 2011, SupplyOne filed its "...Reply Memorandum Of Law..." (Document No. 48) reasserting its requests and addressing DHW's response.

After careful review of the papers, the undersigned is uncertain why judicial intervention was necessary in this instance. Although it may be arguable whether or not SupplyOne's motion technically met the requirements of Local Rule 7.1(C), the undersigned finds the motion and its exhibits more than adequate to support the motion's requests. DHW's response that the motion "must be stricken" is not persuasive. Moreover, the facts and law seem clear enough, and to the extent DHW believed the factual recitation or legal analysis in the motion was lacking, its brief in response was an opportunity to enlighten the Court.

SupplyOne's subpoena of DHW appears appropriate according to Fed.R.Civ.P. 45, and to the Court's knowledge neither DHW nor its counsel have argued otherwise, or moved to quash the subpoena. Regardless of various delays that may have occurred in DHW's production, SupplyOne's February 1, 2011 request that DHW now confirm whether or not it has fully responded to the subpoena served on or about July 26, 2010, seems reasonable.

In addition, SupplyOne asserts that DHW's counsel previously promised to produce a privilege log, but has failed to do so. The request for a privilege log also appears consistent with the requirements of Fed.R.Civ.P. 45, and DHW has not denied that it previously agreed to this request or presented any argument as to why it should not produce a privilege log.

DHW's argument that additional briefing or legal analysis is necessary before it can state whether or not it has fully responded to a July subpoena, or produce a privilege log, is without merit. The parties are respectfully reminded "to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions." (Document No. 19, p.5).

**IT IS, THEREFORE, ORDERED** that Defendant SupplyOne, Inc.'s "Motion To Compel" (Document No. 37) is **GRANTED**. Third Party Davidson, Holland, & Whitesell & Co., PLLC shall have up to and including **March 4, 2011** to: (1) confirm or deny whether it has produced all non-privileged material responsive to SupplyOne's July 26, 2010 subpoena (Document No. 37-1); and (2) to provide a privilege log for DHW documents generated before January 1, 2010, or **SHOW CAUSE** why it should not provide a privilege log.

**SO ORDERED**.

Signed: February 23, 2011

David C. Keesler
United States Magistrate Judge